Hear ye, hear ye. This honorable appellate court for the Second Judicial District is now open. The Honorable Robert D. McLaren presiding. Your Honor, the fourth case on docket is 2-20-0614 Sunnyside Elgin Apartments et al., Plaintiff's Appellants v. Glenda Miller et al., Defendant's Appellees. Arguing for the appellants, Mr. Timothy P. Dwyer. Arguing for the intervener at the Lead Board of Education of Riley Community Consolidated School District No. 18, Mr. Kevin B. Gordon. Thank you. Mr. Dyer, you may proceed. Thank you, Your Honor. If it pleases the court, my learned adversary, Mr. Gordon. Your Honor, this case is... The question presented in this case is whether or not a condominium association in the state of Illinois has associational standing to file a tax rate levy objection on behalf of its members. This has been an issue in McHenry County since approximately 2015. And what we had is Judge Myers, in 2015, originally saying, well, condominium associations have standing, but homeowners associations don't. And then ultimately changing his mind and saying, no, neither a condominium association or a homeowners association has standing. Counsel, I'm sorry to interrupt right at the beginning, but there are a lot of issues that I have questions about. So I'd like to ask a question, please. Oh, sure. You say at page 16 of your opening brief, and quoting, I think, pretty close to what you said here, the property tax code, nothing more of a plaintiff other than paying the tax and filing a claim per section 23.5 and 23.10. In looking at the record here, I noted that in paragraph three of your complaint, it says, and here it's paraphrased, plaintiff Elgin and all plaintiffs are taxpayers or entities with legal capacity and authority to represent interests of taxpayers who are obligated to pay real estate taxes on parcels of real property in McHenry County, identified on exhibit B. And B1 identifies the pin number, the total taxes paid for each parcel. Paragraph five alleges in substantial part, all of 2017 real estate taxes for each parcel in exhibit B were paid in full by plaintiff agents. My question to you is, is it your position that this is how you meet this requirement you refer to at page 16 of your opening brief? Or is there something else? Well, Your Honor, back to paragraph three of the complaints, I think we missed a couple of words there. And what we said was, or entities with the legal capacity and authority to represent the interests of taxpayers who own, have a pecuniary interest in, or are otherwise obligated to pay real estate taxes. Clearly, the Condo Act has given the Association Board a pecuniary interest in, in the properties owned by its members. Obviously the Association doesn't pay the taxes. If we were going to try to get around, around this, we could have the individual plaintiffs, you know, give the money to the Association and have the Association and pay the taxes. But that's just a procedural maneuver that, well, it seems a little shady. So there's, there's no question that the Association does not pay the taxes. The question, the question I think, and I'm trying to answer your question. I don't know if I am. The question I think is whether or not the Association has the associational standing pursuant to the Condo Act in conjunction with the property tax code to file on behalf of its members. There's, there's absolutely no question that they do this, have done this for decades in terms of assessment appeals. And that's never been questioned. In fact, there's different requirements under the assessment section of the statute, right? It doesn't have that you need to be the taxpayer to, to file your assessment complaint, or you need to have given authority to an attorney to file that complaint. In some counties, you know, you need an attorney. And other counties such as DuPage, you don't. So the counties have the, the counties have the under the property tax code. But regardless, in the end, what will happen is that the plaintiff... Oh. What happened? Rose. I'm still here. Yeah, we are too. Maybe send them a note. I'll do that. I'll send them a note. Your mic is off. Can you hear me, your honor? Yes. But you froze quite a while ago. So back to the start of that answer, if you remember where you were. You were talking about in other counties like DuPage County, and that's where we lost you. Thank you, your honor. The, the counties have the autonomy to, in their rulemaking capacity under the code, to say whether or not you need a lawyer. But in any event, the taxpayer must file the complaint, or the taxpayer's agent. And that's the same thing. I think that the same standard should apply to a tax rate levy objection. But I'm still trying to focus on the language and requirements of the tax code. I mean, doesn't it provide that the, that only the person who pays the property taxes may file a tax objection complaint? I know you're a person, you know, can be a corporation, etc. So I don't think that's the stumbling block. But how do we get around that? Well, it happens all the time, your honor. For example, happening all the time and having a legal basis are two different things. Well, if I could, if I could elaborate, you're absolutely right. But if, for example, a land trust, oftentimes, you know, what will happen is that the, the property being a land trust, and one of the beneficiaries will pay the taxes. Technically, the land trust should be the plaintiffs, but the beneficiary is the taxpayer. It's really, from a legal capacity, it's really the same thing. But the same thing happens with corporations. For example, Kroger or Albertson, you know, Kroger owns Roundy's and Roundy's owns Mariano's. And many times Kroger will pay the tax bill, but Mariano's will be the plaintiffs because it's their facility. So the taxpayer, in this case, are obviously the individual condo members. And their, and their PINs are listed. The question is whether or not the association can file on their behalf. I sense I did not answer your question. But we have two statutes here, the Condominium Property Act and the tax code. Does the tax code priority in the provision there? Or how do we? I would think that, I would think, Your Honor, that, well, Your Honor, I think that when we look at the tax code first, and what the tax code says is that the person paying the tax, and the person can be, you know, a corporation, an individual, or anything. But for example, let's say I have a mortgage. And many times my tax payment will be an escrow. So the mortgage company will pay the tax, but I'm really the taxpayer because I'm paying, I'm paying the money into the escrow accounts. And I'm, I'm, I'm actually the person paying the tax, even though the mortgage company writes the check to the Lake County treasurer or whomever. And what I'm saying is that this happens all the time in capacity of mortgage agreements, corporations, land trusts, etc. So the question is, who is the taxpayer? And, and under the property tax code, the taxpayer is the individual condo member. The question then is whether or not the association can file on behalf of everybody for what is essentially a uniform tax objection. I'd like to get to that point, just for certitude. These are not individual or individualized objectives. These are not based upon what the taxpayer may or may not have done. These are objections based upon what the taxing bodies may or may not have done. Is that correct? Not only is that correct, your honor, but in the context of an assessment appeal, it's kind of ironic because we let the association file assessment appeals on behalf of the entire condo association. But there, you know, the property and what individuals have done to their property, both inside and limited outside, could affect the, it's far more individualized than what we have here, which is a tax rate, a levy allegation against the school district saying, you know, you have an excess accumulation in basically all of your funds that you have really no rational explanation for. So it is far more uniform than a traditional tax assessment appeal. So if we're looking at the associational aspect of standing here and we look at the hunt test, one of the requirements is that the interest of the association must be germane to the purpose. How is that met here? Well, it's met in the very condo act itself, your honor. It specifically provides that the condominium association in their fiduciary capacity can file a claim on behalf of its members for any levy assessment or special assessment. It's right in the statute. And what happens is that pursuant to that association files a declaration and that's recorded. And again, we allege that they've done so in the complaint. And I think that must be taken as true. Moreover, there's a process under both statute and the declaration that's recorded, and that requires a two-third members of the association to vote in favor of this I think actually Judge Berg's opinion in the 19 case, which is attached in the record, really goes through that and does it quite well. And we must take that as true because this was a 2-6-19 motion to dismiss. Yes, your honor. And that's what you've alleged. Is that right? So there's nothing more that's required. In other words, you don't have to have the bylaws or the declaration actually as part of the record. Well, your honor, I don't think so. Not in this capacity. Now, it could have been different procedurally. There could have been discovery before the motion was filed asking for these documents and then, you know, we would have tendered them because we have in the past. That would have been no problem, but that didn't happen. And we're, as a plaintiff, we're not in control of that the defendant elected to file the 2-6-19 motion. And as such, you know, I think that the defendant is saying that, you know, or at least for purposes of the motion, acknowledging that the well-plaid facts are true. Counsel, technically, you're the defendant. Because the judgment that's rendered is against you and your clients or your association. Are you aware of that? Ex officio County collector is the plaintiff in the application for judgment for delinquent taxes in a given year. And tax objectors are people who have already paid the tax and who are seeking a refund. And as such, being a defendant, if there's a judgment that is to be rendered, it is to be rendered in your favor to the extent that you're going to get a refund and until satisfied statutory interest. So you are the defendants, not the plaintiffs or the plaintiff. You understand? I understand what you're saying, your honor. Originally the way taxes were collected was when they apply for judgment. Any payment by the taxpayer was deemed to be voluntary. So you never got your money back, right? And so they changed the statute and made payment under protra test the opportunity whereby you'd get judgment in your favor. You get a refund and that procedural posture has never changed. The only difference is that by the payment under protest, you haven't waived or you haven't by statute deemed to have paid it voluntarily. That creates a question that I have. However, you're listed, but I do agree with Justice McLaren. So who gets the refund? I mean, if the association gets the refund, what do they do with it? If one of your condominium owners has paid it, it would seem that they should be able to get it back. And doesn't it create a confusion about which condo got X amount of dollars if there might be a two-bedroom one, a three-bedroom one, a four-bedroom one, because those should all be assessed differently, I would think. So who gets this refund? Well, your prorata pursuant to their interest in the common elements. For example, you have 22 properties. So, you know, people might have like a 1.6 interest or a 1.8 interest. And then what they do is they take the refund and the statutory interest and they prorate it back to the individual members. Well, if the whole concept here for associational standing is to make this procedure simpler and to create, to use the resources of the association, it doesn't seem to make it any simpler when it comes to the primary purpose of this appeal, and that is to get a refund. Can you comment on that? You know, it's, from our end, it's simpler. The association gets one check and they distribute it to their board, to their members. Now they have a fiduciary interest, they have a fiduciary duty to those members. So this case is, this is an 18 case. And theoretically, let's say that we prevail and we get a check sometime in the future. A couple of those people might have moved, who were owners at that time, and the board would have a fiduciary interest to get that refund back to those owners for this particular tax year. I'll just say one other, just one other quick question. Given the fact we've just been talking about some of this, but with respect to a refund and how that would be distributed. But with regard to the tax objection complaint itself, is the participation of the individual owners necessary for any reason? No, Your Honor. Now, my learned adversary, Mr. Gordon, in his brief has said that their participation is necessary. But in fact, it isn't. If you look at the allegations, this is an excess accumulation complaint. If we meet the prima facie case under the Miller standard, then it then becomes incumbent upon the district to say, well, listen, I have an excess accumulation in my O&M fund because, you know, we decided to build this swimming pool and so forth and so on. There needs to be a rational explanation for the monies. Under no circumstances would the association or any of the individual clients in Exhibit B have anything to say about that, that would be even remotely relevant. Thank you. I have no further questions. Thank you, Mr. Dwyer. You will have an opportunity to make rebuttal. Thank you.  Mr. Gordon, you may proceed. Thank you, Your Honor. Kevin Gordon is the court, represent Riley Community Consolidated School District 18 in this matter, and it's the school district's position that the condominium associations, as a matter of law, pursuant to the property tax code, do not have the standing to bring a tax objection in this case on behalf of their individual unit owners. We really don't have to go any farther than the actual language of article 23 of the tax code, which says in two different sections that it's the person that is supposed to pay the tax. It seemed like you were mixing your metaphor, so to speak, when you said standing on behalf of the condominium owners, and I don't know that it's standing. Standing typically relates to whether or not one can join in a complaint. And it seems like the issue in this case is not whether they can join in the complaint. It's whether they can represent the independent or individual owners. And so that isn't standing so much as it is agency principle or some sort of fiduciary or relationship, such as an association where the members represent their joint relationship and their individual situation. So, could you rephrase this to indicate more in the nature, which I think it is, which is the association doesn't have the ability to represent members in these particular proceedings. Thank you, your honor. I think what I probably should have referenced it as is they don't have a representational capacity to pursue these claims on behalf of individual unit owners. The property tax code article 23 and in two separate sections says that the person that may file the complaint has to be the one that paid the tax. And in this case, there's not really any doubt and Mr. Dwyer doesn't doesn't contend that the condo Association paid the tax. Now, I think this is don't we have to harmonize the two statutes. I mean, why does one have priority over the other? We have to try to find a way to harmonize both statutes. Yes, in fact, we do. And in what the courts have said is that when it comes to property tax exemptions that the property tax code controls unless it's silent. And in this case, it's not silent. But even if you wanted to go a little bit farther and look at the condominium property act in section 10, which is where I believe that the condo Association in this case is saying they get their representational authority. If you look at section 10 and give it the close reading that it deserves, you see that in section 10a the first sentence is the requirement for separate taxation of the individual units. And the reason for this and the courts have recognized this is that if unit A doesn't pay their taxes, we don't want unit B to be foreclosed on. So we have separate taxation. If you go to the second sentence of subsection A, this is all about the common areas. And this is where the Association gets its capacity, its authority. And it says for purposes of property taxes, real property owned and residential purposes by a condominium Association, including a master Association, but, and this is important, but subject to the exclusive right by easement covenant deed or other interest of of the owners or one or more unit owners, right? So this is common areas. This isn't unit A and their owners because nobody has a covenant or an easement over that that unit. This is for the common areas that that's where the Association gets its authority. And there's, there's this sentence says how that's taxed. Then you go to subsection C, which is where the authority is, right? The board of managers acting on behalf of all unit owners shall have the power to seek relief from or in connection with the assessment or levy of any such taxes. Well, the only taxes we've talked about in this are the taxes on the common areas in subsection A in the separate taxation. Well, it doesn't matter, but in a, it does say special assessments and any other special taxes or charges. I mean, it's, it's very broad. Is it not? I'm I've actually looked at my notes rather than I've lost. Well, wait a second. And it also says real property taxes. Yes, it does. Right. It says that first sentence I contend is about separate taxation of the units because they want you to, the directive is, is on the common elements as a tract, not upon the property as a whole. Well, it says, and it's not. Uh, well, I understand what your argument is, but, uh, I'm thinking it could be read a little more broadly. Go ahead. And I think this all goes back to the principle that no other person has a right, a beneficial or a legal interest in another person's property tax refund and the courts have recognized this and that's the way the fund as a, as a taxpayer, it's incumbent upon you to file that tax objection and to be involved in that, that litigation into the question of whether or not these individual unit owners or taxpayers are necessary parties. I think they are necessary parties because they're the ones with beneficial interest in the legal interest in their own tax refund, not the condo association. Well, why can't the condo association be acting as representative or own our agent as a justice McLaren suggested? I mean, they have authority under the condominium act to do that. Do they not as well as the specific declaration and the vote by the board of managers? Well, I think that our, our position is that they don't have the authority that that kind of a reading is too broad under the condominium property act. They, they can file an assessment or a tax objection regarding common elements, but just because two unit owners are, are named or are added, doesn't now make it an association issue. And I think the other piece, go ahead. So say that again, only with respect to the common element. So what assessment are we talking about? We're talking about unit a and then unit B's tax liability and unit C's own tax liability. You can talk about separating out the proportion of the tax liability for the common elements. And that's the only thing that the association can object to is that percentage, but anything else has to be separated. Is that what you're correct? So if there's an assessment on the playground in the, in the, in the behind, behind the property, that's a, that's common element. That's the condo associations authority, but John Smith owner of unit a, if he wants a tax objection, that's not, that's not the condo associations authority. That's John, John Smith gets to, to, to file that complaint. He's the one that paid the tax in a court. And now according to the property tax code, it says he's the one that files the property tax objection. So as this complaint is, is presented, it doesn't spell it out that way. Does it? It just says that they're looking at an accumulation and they don't say that amounts to one 16th of unit A's tax. Do they? No, they want all of unit A's tax. And if you look at the exhibit where they attach the parcel numbers, right? Those are all individual unit parcel numbers. And so they're asserting the tax refund for that unit that's attached, attached to that parcel unit. Now, none of those people are listed in the complaint, um, as plaintiffs, um, between pages C 17 and C 20, where the plaintiffs are identified. Um, the only plaintiff that's identified for purposes of this, this appeal, uh, is the condo association. Okay. Is this declaration that the board, um, is operating under, um, recorded anywhere so that it could be observed? We could take judicial notice or the, the, in this case, the treasurer could look it up to find out who, who were these owners of the declaration. My understanding is recorded with, with the County. I don't know if it's necessarily an up-to-date declaration. Um, but even if there's a declaration that's been recorded, I don't think the declaration itself gives anybody via the condo association, the authority under the property tax code to pursue these appeals, because they don't have a legal or a beneficial interest in, in the refund unit A's owner has that or unit B's owner has that. Now earlier, there was some discussion about what happens with, with the money of the prop, if, if, if the, uh, if the condo association gets the refund and does it get spun out, how does it get spun out to the individual unit owners? And even those who, who aren't necessarily unit owners anymore, members of the association in, in the suggestion was that it's, it's, it's pro rata by your, your percentage of ownership in the common elements, but that has nothing to do with unit A's own assessment of the value of unit A versus unit B. Not every condo unit is assessed the same way. Some are two bedrooms, some are three bedrooms, some are four bedroom and their property values differ in their tax liability is different. So to say that, you know, you've got all these different tax liabilities and amounts that different unit owners have paid in. And once we get the pool of money back, we're just going to spin it out in proportion to your ownership interest in the common elements. It doesn't, I don't think the math adds up. That's why we need the individual taxpayer to be participating in this, uh, in this proceeding so that they know what the status is and they can be responsible for receiving their own refund. Even though they've agreed that, um, because the association has maybe more resources than they do has an attorney. They don't want to hire an attorney, um, that this is a more efficient way for them to file their, their objection. Even if I don't, I don't believe they can. And the reason for that is that the courts who have seen, who have reviewed article 23 have acknowledged that there is a burden on the taxpayer. Um, there is a specific provision that pre prohibits class actions and what really associational, uh, representation is, is just not having to deal with the procedures of a class action. They've identified a class. They've identified unit owners as the class. And, and to now allow associational representation is just an end run around that prohibition on, on, uh, class actions. Well, council said that there are, um, different counties can impose their own rules or, you know, uh, create their own rules to let an attorney file or to require an attorney to file. That's with the assessment assessment complaints under article 16 and article 16, interestingly enough, doesn't have the same limitation on plaintiffs. Um, in, in what we're asked, but we're talking about also is not whether somebody has to represent themselves or be represented by a lawyer. This is whether an association can assume the authority for people who are otherwise be required to file their own lawsuit. Um, in, in the assessment cases under article 16, you know, the plaintiff isn't restricted. It doesn't say that, you know, if you want to file an assessment complaint, you have to have paid the tax. It's very explicit in article 23. I see that, uh, by my count, my time is nearly, nearly complete. Does anybody have another question? I do not at this time. You mentioned a class actions and they're prohibited. Is that correct? Yes. When was that legislation passed? Um, you know, I, I don't recall off the top of my head, your honor. Um, I believe it, I may be wrong. And certainly Mr. Dwyer can, um, can correct me. It's, it seems to me that sometime around 2009, but, but, uh, that's, that's, that may be not completely accurate. Any other questions? No, thank you. I didn't Catherine. Did you say no? No. Thank you. Yes. She said no. Okay. Thank you, sir. Mr. Dwyer, you may proceed. Thank you, your honor. Um, I think, um, when council was talking about the condo at seven 65 dollars, six Oh five 10, um, he's saying that it only relates to the common elements, um, when you read that provision, it talks about the common elements being assessed at one dial. And that's what happens as a matter of law. So if, if the condominium association was limited to, um, participating in this process, just for the common elements, it would make absolutely no sense. It would render, um, the vast majority of the provision meaningless. I think justice, uh, was asking the right questions when she said, wait a second, it talks about real property taxes in the first line. Um, it bears repeating real property taxes, special assessments, and any other special taxes or charges of the state of Illinois or any political subdivision thereof, or other lawful taxing or assessing body, which are authorized by law to be assessed against and levied upon real property shall be assessed against and levied upon each unit and the owner's corresponding percentage of ownership. Now that's what subsection C, um, uh, relates to when it authorizes the board to, um, file a claim on any, the, uh, the assessment or levy of any such taxes, uh, to limit that reading just to the common elements does not do justice to the provision. And the condo act must be, um, read in paramilitaria with, uh, with the tax code, the tax code clearly says that, you know, the person paying the taxes. Um, but the, the associational, um, standing or the principal and agency relationships here are statutory. Um, my learned adversary, Mr. Gordon also mentioned this idea that, you know, different condo units are going to have different assessments and you know, there, there can't be, um, somebody else can't get a return on someone else's tax refund. And that principle is absolutely true, but it's in the context of an assignment for retail occupation taxes. I E a deal between corporations pursuant to a purchase, um, that that's not applicable to what we're looking at today. What we're looking at today is whether or not the association formed pursuant to the general assembly's law under the state of Illinois and their fiduciary powers can, can go forward and pursue a tax rate levy objection on behalf of its members. There's absolutely no question that they can and have done so for decades with regards to assessments. Um, the question is, is there any fundamental difference that would preclude the association from doing so and the contents of a tax rate levy objection? And I submit to the court that Mr. Gordon has not supplied that. Um, and, and, and therefore the, um, the decision by just, uh, judge Meyers should be reversed. These levies, um, need to be published by a certain time and publication, I guess, can take many forms, but they have to be identified prior to the actual tax bill. Is that correct? Your honor, there's a provision in the truth and taxation act where a, um, a taxing body must estimate, um, before 20 days before it goes to its levy hearing. What, what it is that they're going to tax their constituents at, um, there's been a difference of opinion as to what that means and what that requires. Um, I think the second district has said that that requires actually no official action now in terms of whether or not they have to have a public hearing for their levy. Um, they do. Um, but again, they don't have to distribute that to the public. They didn't, it doesn't necessarily have to be published. But at that hearing, is there an opportunity to object and to say why that levy is, uh, is an excess is an accumulation or will accomplish an accumulation? Is there anything of that nature? Yes, your honor. By individual taxpayers or by the community as a whole, if it's really egregious. And anyone who, who signed up and registered under the, under the, um, um, the public meetings that could, could go in, there's, there's a number of different entities throughout the state that actually go into different counties and object to various levies and they're not even constituents. Um, so there is an opportunity to be heard. So what I'm basically getting to is there's really no other way in, in the statute to address the actual accumulation. Once the tax assessment is established, is that correct? That's correct. Your honor. Yeah. Okay. Any other questions? No, no, no. Thank you, sir. Your time is up and there are no further questions. We will take the case under advisement and render a decision in apt time. Thank you. And Mr. Marshall, will you close out the proceedings? Thank you gentlemen for your argument. Thank you, your honor.